UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MELVIN S., | ) |
|           **Plaintiff** | ) |
| v. | )   No. 1:24-cv-00188-KFW |
| LELAND DUDEK,<br>Acting Commissioner of<br>Social Security, | ) |
|           **Defendant** | ) |

## MEMORANDUM DECISION[1]

The Plaintiff in this Supplemental Security Income appeal seeks remand on the basis that the Administrative Law Judge (ALJ) assessed a mental residual functional capacity (RFC) unsupported by substantial evidence. *See* Plaintiff's Brief (ECF No. 12) at 1. For the following reasons, I agree and vacate the Commissioner's decision and remand the case for further proceedings consistent with this opinion.

### I. Background

The Plaintiff applied for benefits in August 2017. *See* Record at 335-36. After his claim was denied at the initial and reconsideration levels, the Plaintiff requested a hearing before an ALJ. *See id.* at 92-103, 105-19, 149. That hearing took place in September 2023, *see id.* at 39-64, following which the ALJ issued a decision finding that the Plaintiff suffered from the severe impairments of bilateral elbow ulnar nerve compression, depressive disorder, anxiety disorder, personality disorder, attention-

---

[1] The parties have consented to me presiding over all proceedings in this action including the entry of judgment. *See* Declaration Regarding Consent (ECF No. 9).

1

deficit hyperactivity disorder (ADHD), and post-traumatic stress disorder (PTSD), *see id.* at 20. Considering those impairments, the ALJ found that the Plaintiff had—during the relevant period—the RFC "to perform light work," as defined in 20 C.F.R. § 416.967(b), except that he could no more than occasionally climb ramps and stairs, crawl, kneel, or crouch; could not climb ladders; could frequently finger, handle, and reach; and could understand and carry out simple, routine, and repetitive tasks with no more than occasional workplace changes and interaction with others. *See id.* at 22-23. The ALJ found that the Plaintiff had no past relevant work but that he could perform jobs existing in significant numbers in the national economy and was therefore not disabled. *See id.* at 29-31. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the Commissioner's final determination, *see* 20 C.F.R. § 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

The Plaintiff contends that the mental RFC formulated by the ALJ is unsupported by substantial evidence. *See* Plaintiff's Brief at 1.

In assessing the Plaintiff's mental RFC, the ALJ found persuasive and relied upon the opinions of examining psychological consultant Jonathan Freedman, Ph.D. and nonexamining agency consultants Lewis Lester, Ph.D. and Brian Stahl, Ph.D. *See* Record at 28-29. Dr. Freedman diagnosed the Plaintiff with cannabis dependence, cyclothymic disorder, and a rule out diagnosis of a cognitive disorder, not otherwise specified. *See id.* at 748. Drs. Lester and Stahl—who had the benefit of reviewing Dr. Freedman's evaluation—opined that the Plaintiff was severely impaired by personality, depressive, and anxiety disorders, and expressly found that his alleged ADHD was "NOT established by any evidence." *Id.* at 95-97, 108-11. None of these three experts identified PTSD as one of the Plaintiff's impairments, *see id.* at 92-103, 105-19, 746-48; in fact, only one medical expert of record, Anthony Podraza, Ph.D., diagnosed the Plaintiff with PTSD, and the ALJ found his opinion unpersuasive, *see id.* at 28.

Unlike Drs. Freedman, Lester, and Stahl, the ALJ assessed the Plaintiff's severe impairments during the relevant period to include ADHD and PTSD. *See id.* at 20. Despite this deviation, the ALJ still relied on those experts' opinions in assessing the Plaintiff's mental RFC. *See id.* at 28-29. In doing so, however, the ALJ

3

did not explain why he found ADHD and PTSD to be severe impairments, nor whether the limitations in the Plaintiff's mental RFC corresponded to those impairments and, if so, how they were supported. *See id.* at 20-29. After all, because Drs. Freedman, Lester, and Stahl did not find medically determinable ADHD and PTSD impairments, they necessarily did not assess limitations flowing therefrom. *See Kristal L. v. Berryhill*, No. 2:18-cv-00084-JAW, 2019 WL 495583, at *4 (D. Me. Feb. 8, 2019) (rec. dec.), *aff'd*, 2019 WL 1051999 (D. Me. Mar. 5, 2019). The Plaintiff argues that these issues leave the ALJ's mental RFC unsupported by substantial evidence. *See* Plaintiff's Brief at 3, 7; Plaintiff's Reply (ECF No. 18) at 7.

The Commissioner does not directly discuss the Plaintiff's point about ADHD but suggests in reference to PTSD that diagnoses "are merely medical labels affixed to a constellation of symptoms and do not dictate the particular functional limitations that an individual might have." Commissioner's Brief (ECF No. 15) at 5 (cleaned up). The Commissioner contends that Dr. Freedman's opinion accounted for the Plaintiff's alleged mental issues regardless of whether they were attributable to a particular diagnosis and that, in any event, the Plaintiff has not shown that these additional diagnoses warrant impairments beyond those assessed. *See id.* at 6. The Commissioner also points to the opinions of Drs. Lester and Stahl as supportive of the ALJ's assessment of the Plaintiff's mental limitations. *See id.* at 7.

I cannot conclude that the ALJ's mental RFC is supported by substantial evidence. "While a finding that a particular impairment is severe does not necessarily result in a finding of related limitations on the ability to perform work-related

4

functions," *Kristal L.*, 2019 WL 495583, at *5, the ALJ offered no cogent explanation of how he considered ADHD and PTSD in assessing the Plaintiff's mental RFC. This is particularly problematic because the ALJ relied on the opinions of experts who did not assess those impairments or—as is true of Drs. Lester and Stahl—explicitly rejected one of them. The ALJ's failure to clarify or address these material issues prevents me from determining with any certainty whether the assessed mental RFC is supported by substantial evidence or whether the ALJ impermissibly interpreted raw medical data to reach his ultimate decision. *See Gordils v. Sec'y of Health & Hum. Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (explaining that ALJs may "render[ ] common-sense judgments about functional capacity based on medical findings," but they are "not qualified to assess residual functional capacity on a bare medical record"). Accordingly, reversal and remand are appropriate. *See Picard v. Berryhill*, No. 2:16-cv-00636-JHR, 2018 WL 1370681, at *3 (D. Me. Mar. 16, 2018) ("[R]eversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway.")

## IV.  Conclusion

For the foregoing reasons, the Commissioner's decision is **VACATED**, and the case is **REMANDED** for proceedings consistent with this decision.

Dated: February 21, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge